IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RAJ DARBAR, INC**, an Illinois corporation, **URU SWATI INC.**, an Illinois corporation, and **KAMAL CHHABRIA**, individually, <br><br> Plaintiffs, <br> v. <br><br> **ABRAHAM CABRERA**, individually, **ANDRES SALINAS**, individually, **PEDRO CORTES**, individually, **LUIS ESCAMILLA**, individually, **GUILLERMINA BRAMBILA**, individually, **JUAN BALLEZA BALLEZA**, individually, and **ALFREDO MONTES de OCA**, <br><br> Defendants. | Civil Action <br><br><br><br><br> No. <br><br><br><br><br><br><br><br><br> JURY DEMAND |

<u>COMPLAINT</u>

By and through their attorneys of record, the Plaintiffs, RAJ DARBAR, INC, an Illinois corporation, URU SWATI INC., an Illinois corporation, and KAMAL CHHABRIA, individually, complain of the Defendants, ABRAHAM CABRERA, individually, ANDRES SALINAS, individually, PEDRO CORTES, individually, LUIS ESCAMILLA, individually, GUILLERMINA BRAMBILA, individually, JUAN BALLEZA BALLEZA, individually, and ALFREDO MONTES de OCA, individually. Pleading hypothetically and in the alternative, the Plaintiffs allege as follows:

I. <u>INTRODUCTION</u>

1. This action arises under the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. §§ 2201 – 2202, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. The Defendants claim they were not paid wages in compliance with the provisions of the FLSA and, in conjunction with the non-profit, community action group, Arise Chicago, have made a demand for allegedly unpaid wages and have picketed the Plaintiffs' restaurant business.

3. Arise Chicago and/or its agents has also posted information on social media painting the Plaintiffs in a false light.

4. For example on April 23, 2015, Jorge Mujica, a "Strategic Campaigns Coordinator" at Arise Chicago posted on Twitter: "Picketing with the Raj Darbar restaurant workers . . . demanding over $50,000 dollars [sic] of stolen wages."

5. The Plaintiffs vehemently deny that they have "stolen wages," deny that they have failed to comply with the FLSA and other wage and hour laws, and deny that they have intentionally done anything improper.

6. After thoroughly investigating the Defendants' claims in the context of meeting with Arise Chicago and the Defendants, the Plaintiffs are only able to identify circumstances that might constitute technical violations of the FLSA (the Plaintiffs deny that these circumstances in fact constitute violations however and assert that, even if such technical violations existed, they would result only in de minimis damages – a far cry from the Defendants' false claim of "over $50,000.00 in stolen wages" blasted on Twitter ).

7. The circumstances described above leave the Plaintiffs in an unenviable position because, even if they tried to settle the matter with the Defendants out of Court, or

without the aid of the Secretary of Labor, any such settlement agreements could potentially be unenforceable.[1]

## II. THE PARTIES

8. RAJ DARBAR, INC. is an Illinois corporation that operates a restaurant in Chicago's Lincoln Park neighborhood.

9. URU SWATI INC. is an Illinois corporation what operates a restaurant in Chicago's Rogers Park neighborhood.

10. KAMAL CHHABRIA is the general manager of RAJ DARBAR, INC. and URU SWATI INC.

11. The following Defendants are, or were, employees of RAJ DARBAR, INC. and KAMAL CHHABRIA as defined by the FLSA: a) ANDRES SALINAS; b) LUIS ESCAMILLA; and c) ALFREDO MONTES de OCA.

12. The following Defendants are, or were, employees of URU SWAT, INC. and KAMAL CHHABRIA as defined by the FLSA: a) GUILLERMINA BRAMBILA; and b) JUAN BALLEZA BALLEZA.

13. The Defendant, ABRAHAM CABRERA, is an independent contractor who was, or is, engaged as a delivery driver and delivers food orders for RAJ DARBAR, INC.

14. The Defendant, PEDRO CORTES, is an independent contractor who has at various times relevant to this action contracted with RAJ DARBAR INC., URU SWAT INC., and KAMAL CHHABRIA, to perform services such as painting and remodeling at the Plaintiffs' restaurants and at KAMAL CHHABRIA's residence.

---

[1] A wholly private settlement between the parties in a wage and hour action is not enforceable. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

III. **JURISDICTION AND VENUE**

15. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA, the FDJA, and 28 U.S.C. §1331.

16. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

17. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

## COUNT I
### (Declaratory Relief under the FDJA)

18. The Plaintiffs hereby re-allege the foregoing allegations.

19. Among other ways, the Defendants claim the Plaintiffs violated the FLSA by:

   a. failing to pay the Defendants at least minimum wage for certain they worked;

   b. failing to pay the Defendants for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the minimum wage; and

   c. misclassifying the Defendants, ABRAHAM CABRERA, and PEDRO CORTES, as an independent contractors instead of employees.

20. The Plaintiffs deny that they paid the Defendants less than minimum wage; and the Plaintiffs deny that they paid the Defendants less than one and one half times the minimum wage for their overtime hours.

21. The Plaintiffs deny that the Defendants, ABRAHAM CABRERA, and PEDRO CORTES, are or were ever employees. ABRAHAM CABRERA was, and is, an independent contractor; and PEDRO CORTES was an independent contractor.

22. Assuming that ABRAHAM CABRERA were an employee of the Plaintiffs (which the Plaintiffs deny), he would be exempt from the FLSA's maximum hour provisions under the "retail service establishment commission exemption" to the FLSA.

23. Further, although the Plaintiffs paid ABRAHAM CABRERA as an independent contractor, they paid him more than the minimum wage for non-tipped employees, even though he received generous tips in the course making deliveries[2] (ABRAHAM CABRERA did not, and does not, work more than 40 hours in any given week).

24. The Plaintiffs did not keep track of PEDRO CORTES's hours because there is no way that his services could be characterized as anything but an independent contractor.[3] However, the Plaintiffs nonetheless estimate that the amounts of money they paid PEDRO CORTES, when divided by the number of hours he actually performed services, far exceed the applicable minimum wage.

25. At *their request*, the Plaintiffs paid the Defendants, ANDRES SALINAS, LUIS ESCAMILLA, GUILLERMINA BRAMBILA, JUAN BALLEZA BALLEZA, and ALFREDO MONTES de OCA (the "Employee Defendants") a set amount of money each week.

26. The Plaintiffs nonetheless kept work time records for the Employee Defendants; and ABRAHAM CABRERA's maximum possible work time is readily ascertainable, because he never began making deliveries earlier than 5:00 p.m., and never continued later than 10:00 p.m.

---

[2] In Illinois, tipped employees are entitled to a minimum wage of $4.95, rather than $8.25.

[3] The Plaintiffs believe in good faith that ABRAHAM CABRERA was an independent contractor and strongly believe they would prevail in a legal dispute over the issue; but they acknowledge that, unlike the situation with PEDRO CORTES, one can at least make the *argument* (albeit a weak one) that ABRAHAM CABEREA may have been an "employee" as defined by the FLSA. In any case, ABRAHAM CABRERA would be exempt under the retail service commission exemption as announced in *Alvarado v. Corporate Cleaning Services, Inc.*, 782 F.3d 365 (7th Cir. 2015) (Posner, J.).

27. The time records for the Employee Defendants (and calculation of ABRAHAM CABRERA's maximum possible work time) show that the Plaintiffs paid them each an amount of money that exceeds the applicable minimum wage (including overtime at one and one-half times the applicable minimum wage for hours in excess of 40 in given weeks). In some cases, when spread over the entire employment periods, the amount of money paid exceeds the applicable minimum wage by thousands of dollars.

28. The Plaintiffs desire to resolve this matter, either by declaratory judgment under the FDJA, or by settlement in a manner that will be enforceable.

WHEREFORE the Plaintiffs pray for judgment in their favor and against the Defendants, and for the following relief:

A. A decree that the Defendant, ABRAHAM CABRERA, is and was a bona fide independent contractor in relation to the Plaintiffs;

B. A decree that the Defendant, PEDRO CORTES, is and was a bona fide independent contractor in relation to the Plaintiffs;

C. A decree that the Plaintiffs did not violate the FLSA in relation to the Defendants; or, in the alternative

D. An accounting of the Plaintiffs' liability to the Defendants, if any, under the FLSA; and

E. Reasonable attorneys' fees and costs, and such further relief as may be fair and just in the premises.

## COUNT II
### (Declaratory Relief under the Illinois Declaratory Judgment Act)

29. The Plaintiffs hereby re-allege the foregoing allegations.

30. Among other ways, the Defendants claim the Plaintiffs violated the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, by:

    a. failing to pay the Defendants at least minimum wage for certain they worked;

    b. failing to pay the Defendants for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the minimum wage; and

    c. misclassifying the Defendants, ABRAHAM CABRERA, and PEDRO CORTES, as an independent contractors instead of employees.

31. Further, among other ways, the Defendants claim the Plaintiffs violated the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, by improperly deducting meal payments from some of the Defendants' wages.

32. The Plaintiffs desire to resolve this matter, either by declaratory judgment under the Illinois Declaratory Judgment Act, 735 ILCS 5/2‑701, *et seq.*, or by settlement in a manner that will be enforceable.

WHEREFORE the Plaintiffs pray for judgment in their favor and against the Defendants, and for the following relief:

    A. A decree that the Defendant, ABRAHAM CABRERA, is and was a bona fide independent contractor in relation to the Plaintiffs;

    B. A decree that the Defendant, PEDRO CORTES, is and was a bona fide independent contractor in relation to the Plaintiffs;

    C. A decree that the Plaintiffs did not violate the IMWL in relation to the Defendants;

    D. A decree that the Plaintiffs did not violate the IWPCA in relation to the Defendants; or, in the alternative

    E. An accounting of the Plaintiffs' liability to the Defendants, if any, under the IMWL and the IWPCA; and

    F. Reasonable attorneys' fees and costs, and such further relief as may be fair and just in the premises.

## JURY DEMAND

The Plaintiffs hereby demand trial by jury of all issues set forth herein that are capable of being tried by a jury.

                        Respectfully submitted,

                        /s/Paul Luka
                        One of the Plaintiffs' Attorneys

Paul Luka
Law Office of Paul Luka, P.C.
120 South State Street, Suite 400
Chicago, Illinois 60603
(312) 971-7309
paul@lukapc.com